IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL CARLTON SHOUMAKE,

                                                          ORDER

          Petitioner,

                                               10-cv-134-bbc

    v.

CAROL HOLINKA, Warden FCI Oxford,

          Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Samuel Carlton Shoumake has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and has paid the $5 filing fee. In his petition, he contends that the Bureau of Prisons failed to follow proper procedures and abused its discretion when it refused to place him in a halfway house for the twelve-month maximum amount allowable under the Second Chance Act of 2007, enacted as 18 U.S.C. § 3624(c).

      This is not the first such petition that petitioner has filed. In an earlier case, petitioner filed an identical challenge, but he failed to exhaust his administrative remedies before filing, so his case was dismissed. Now he returns. Unfortunately, he still has failed to exhaust his administrative remedies and his excuse for short-circuiting the administrative process is just as unpersuasive as it was in his original case.

In <u>Shoumake v. Holinka</u>, 09-cv-643-bbc, dkt. #3, at 3-4, I dismissed the original petition for a writ of habeas corpus after concluding that petitioner had not exhausted his administrative remedies despite having at least eight months in which to do so. (He started pursuing administrative remedies in August 2009 and his desired transfer date was in April 2010.) In that case, petitioner did not appeal his administrative grievance beyond the warden's response. In this case, petitioner returns after completing an additional step in the administrative process: he appealed the case to the regional director. Unfortunately, that is not enough.

As explained in 28 C.F.R. § 542.15, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal. . . to the General Counsel." Petitioner bypassed this step "due to time restraints," but states that he did appeal to the region "as instructed by Judge Barbara Crabb." Petitioner seems to be making two points. First, he suggests that the court told him he need go only as far as the regional director to satisfy exhaustion. The order dismissing the original petition belies this. In the order, I told petitioner that "[b]efore he may obtain relief in this court, he must complete the administrative grievance process set forth in 28 C.F.R. §§ 542.10-19." <u>Shoumake</u>, 09-cv-643-bbc, dkt. #3, at 4. Section 542.15 leaves no doubt that the administrative process does not stop at the regional director.

Second, petitioner repeats his argument that he did not have the time to appeal. That argument might work but for the fact that petitioner's time delay was created by his own

2

refusal to pursue administrative relief earlier.  Petitioner is seeking to apply an exception to the exhaustion requirement for situations in which appealing through the administrative process would create "unreasonable delay."  Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004).  In this case, the delay created is petitioner's own making.  He decided to skip over the administrative appeal process the first time around in hopes in receiving a better result in this court.  He has only himself to blame for waiting until he lost in a federal lawsuit before continuing his appeal process.  Cf. Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004) ("A prisoner cannot manufacture exigency by tarrying.").

Moreover, it is questionable whether any delay created by pursuing the final appeal to the general counsel would be "unreasonable."  Even if petitioner does not receive a response from the general counsel until after April 5, 2010 (the date he would like to be released), he might still receive a response before the date he *will* be released.  (From petitioner's allegations in the earlier case, I gather that there is a four-month window between the desired release date and the date programmed for release.)  Thus, seeking relief from the general counsel might still have afforded petitioner most of what he wanted.

Petitioner's repeated refusal to use the procedures set out in 28 C.F.R. §§ 542.10-19 must lead to dismissal of his petition in this case.  Once again, he has failed to exhaust his administrative remedies.

ORDER

IT IS ORDERED that the petition for a writ of habeas corpus filed by Samuel Carlton Shoumake under 28 U.S.C. § 2241 is DISMISSED for petitioner's failure to exhaust his administrative remedies.

Entered this 30th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge